OPINION of the Court, by
Judge Owsxet.
This is a suit in chancery, brought by the appellants to compel the specific execution of a contract made with Myers, one of the appellees, for the purchase of 1000 acres of land, to be laid off on some one side, edge or corner, as might best suit Samuel Mummey, one of the appellants, of a 5000 acre tract of said Myers, on Slate creek, and which is shown to include Morgan’s station.
There is no question but that the appellants are entitled to a conveyance for the 1000 acres ; but when the cause was formerly before this court, the main point then in contest was, as to the part of the 500Ó acre tract to which a conveyance should be made and as it was then supposed no election previous to the commencement of the suit had been proven, and the complainants having charged in their bill an election to take the land to include Morgan’s station, this court then directed that a decree should be entered in the court below in favor of the appellants for the land, to include that object, without describing the particular shape it should assume : and the only question which is now presented for the determination of this court, is as to the manner the 1000 acres should be surveyed.
*275 Notwithstanding the appellants, according to the contract with Myers, liad a right to elect to take the land out of any side', edge or corner of the 5000 acre tract, we cannot suppose it to have been the understanding of the parties that the figure of the land should depend upon the whim or fancy of the person making the election, but that whenever the side, edge or corner should be designated, if a side, or end, lines should be extended so far from and parallel to the side or end lines, as by passing through the survey of 5000 acres would include the quantity; and if a corner, lines should be extended equal distances so far on the side and end lines as by running lines at right angles therewith would include the quantity. ,
When, therefore, the cause was remanded to the court below for a decree to be entered for the land, so as to include the station, it was the understanding of this court that the station should be included by a survey when made according to the construction of the Contract as thus explained; but should the station be included iii common by two surveys, one on the side and the other in the corner of the 5000 acre tract, then as the appellants have not specially charged in their bill which of those modes of surveying they, would prefer, in that event they ought to have been permitted to elect in' which of those modes they would take the land.
The court below seems, however, not to have been governed by these principles in making their decree, but have compelled the appellees to make an election in three several modes of surveying, one of which clearly appears repugnant to the former opinion of this court; and one other, which is directed to he laid in the corner,, appears also by the line to be extended with the side line of the 5000 acre tract, being governed in its length by the distance from the corner to Morgan’s station, not to conform to the construction of the contract, of the parties and the former opinion of this court.
Because, therefore, that court have not conformed in their decree to the former opinion of this court, it must be reversed, and the cause remanded for a decree to he entered conformable to the opinion of this court.